E-FILED
Wednesday, 23 February, 2011 01:35:24 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON COHEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 11-01068 |
| STATE OF ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Plaintiff Jason Cohee's ("Cohee") Complaint against Defendant State of Illinois, seeking to repeal the 16th Amendment of the Constitution. This matter is DISMISSED as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

## DISCUSSION

The Court must dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A lawsuit is not frivolous unless the plaintiff "can make no rational argument in law or fact to support [his] claims for relief." *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983).

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires that any complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

FED. R. CIV. P. 8(a)(2). "Each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

Even with the most liberal reading of the complaint, the pleadings do not state a cognizable claim under federal law. Cohee initially requests that this Court "remove the 16th Amendment [*sic*] from our sacred United States Constitution for the sum of $20.00." [#1, p.1]. Plaintiff also calls into question the general state and federal power to tax. [#1, p.9]. Finally, Plaintiff seeks to help the State of Illinois "[regain] her sovereignty from the federal [*sic*] government of the United States as the Land of Lincoln and asks for said State's Governor to wage police action on Congress in a civil matter." [#1, p.10].

The Seventh Circuit has repeatedly upheld the validity of the 16th Amendment and the Constitutional power of Congress to tax income. *U.S. v. Lim*, 444 F.3d 910, 912 (7th Cir. 2006). The Seventh Circuit has also found that the age and usage of the 16th Amendment support its validity as well as the countless times that the Amendment has been applied by the U.S. Supreme Court. *U.S. v. Foster*, 789 F.2d 457, 462-63 (7th Cir. 1986) (citing cases). Claims arguing that the 16th Amendment is unenforceable or unconstitutional have also been held to be frivolous by the Seventh Circuit and the U.S. Supreme Court. *See Cheek v. U.S.*, 498 U.S. 192, 205; 111 S.Ct. 604 (1991) (discussing the plaintiff's constitutional arguments that the 16th Amendment is invalid and otherwise does not apply to him as objectively unreasonable and frivolous); *Godt v. I.R.S.*, 268 Fed.Appx. 474 (7th Cir. 2008); *Borchert v. U.S.*, 232 Fed.Appx. 601 (7th Cir. 2007). Given the extensive case law upholding the legitimacy of the 16th Amendment and the general power of the federal and state governments to tax, Plaintiff's claims do not provide a basis for a cognizable claim. As such, this pleading fails to comply with the minimal pleading requirements set forth in Rule 8(a).

Cohee is no stranger to this Court, and his previously filed complaints in this Court have been dismissed as similarly incoherent, unintelligible, and/or without merit. *See Cohee v. State of Illinois,* Case No. 06-01073 (C.D. Ill. March 22, 2006) (dismissed for lack of jurisdiction and failure to state a cognizable claim); *Cohee v. McDade*, Case No. 06-01263 (C.D. Ill. January 9, 2007) (finding plaintiff did not have a private right of action under federal law); *Cohee v. State Farm Fire and Casualty Co., et al.*, Case No. 06-01146 (C.D. Ill. February 6, 2007) (dismissed for want of prosecution); *Cohee v. Peoria County Sheriff's Department,* Case No. 11-01042 (C.D. Ill. February 4, 2011) (case still pending).

As it has previously found, this Court finds that Cohee's instant Complaint fails to state a legal claim, is frivolous, and fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Accordingly, because the Court can discern no arguably cognizable claims from Cohee's pleadings, the Court has no choice but to dismiss the Complaint.

## CONCLUSION

For the reasons set forth herein, this matter is DISMISSED as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and for failure to conform to Rule 8(a) of the Federal Rules of Civil Procedure. This matter is TERMINATED.

ENTERED this 23rd day of February, 2011.

/s Michael M. Mihm
Michael M. Mihm
United States District Judge